# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RONALD DONELL MCJAMES
ADC #129103                                                                                    PETITIONER

VS.                              5:10CV00096 BSM/JTR

LARRY NORRIS, Director
Arkansas Department of Correction                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room 149
> Little Rock, AR 72201-3325

## I.  Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Ronald McJames ("McJames").  (Docket entry #2).  Respondent has filed a Response (docket entry #11), to which McJames has filed a Reply.  (Docket

entry #12). Thus, the issues are joined and ready for disposition.

Before addressing McJames' claims, the Court will review the relevant procedural history of the case in state court.

On August 12, 2003, McJames pleaded guilty to one count of capital murder in Pulaski County Circuit Court. (Docket entry #2 at 52-54, 61).[1] He was sentenced to life imprisonment without the possibility of parole. His Judgment and Commitment Order was entered on August 19, 2003. (Docket entry #2 at 50).

On April 19, 2005, McJames filed a Rule 37 Petition in Pulaski County Circuit Court, raising various ineffective assistance of counsel claims. (Docket entry #11-1 at 1-9). On April 7, 2005, the trial court denied the Petition as untimely. (Docket entry #11-1 at 10-11).

McJames appealed the denial of Rule 37 relief to the Arkansas Supreme Court, which affirmed on October 27, 2005. *McJames v. State*, 2005 WL 2805546 (Ark. 2005) (unpublished *per curiam*) ("appellant's [Rule 37] petition for postconviction relief was untimely").

On March 15, 2006, McJames filed a habeas Petition in the Eastern District of

---

[1] The docket in McJames' underlying criminal case, Pulaski County Circuit Court No. CR02-1805, is available online at:
https://arep2.aoc.arkansas.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=60CR-02-1805&begin_date=&end_date=.

Arkansas. *McJames v. Norris*, E.D. Ark. No. 5:06CV00060 BRW/JTR. He later moved for voluntarily dismissal in order to attempt to exhaust other state court postconviction remedies. *Id.* at docket entry #15. On August 22, 2006, United States District Judge Billy Roy Wilson entered an Order and Judgment that dismissed the Petition, without prejudice. *Id.* at docket entries #16 and #17.

On October 16, 2006, McJames filed a "Motion to Correct Illegal Sentence," pursuant to Ark. Code Ann. § 16-90-111, in Pulaski County Circuit Court. *See McJames v. State*, 2007 WL 1567645 (Ark. 2007) (unpublished *per curiam*) (discussing procedural history). The trial court denied relief, and McJames appealed to the Arkansas Supreme Court. On May 31, 2007, the Arkansas Supreme Court affirmed, holding that the motion was untimely under Rule 37.2(c) of the Arkansas Rules of Criminal Procedure. *Id.*

McJames later tendered a "Petition for a Writ of Certiorari" to the Arkansans Supreme Court in which he attempted to raise various postconviction claims. *See McJames v. State*, 2008 WL 191968 (Ark. 2008) (unpublished *per curiam*). The Clerk refused to file it, and McJames filed a motion requesting that the Arkansas Supreme Court direct the Clerk to file his Petition. On March 28, 2008, the Court denied his request, holding that a "petition for writ of certiorari [was] not an appropriate means to obtain the review petitioner seeks . . . [r]eview of proceedings resulting in a

judgment of conviction may be properly sought through direct appeal or a timely petition [under Rule 37]." *Id.*

On May 21, 2008, McJames filed a Petition for a Writ of Error Coram Nobis in Pulaski County Circuit Court, which was denied "on the grounds that [McJames] had failed to act with due diligence in filing his petition and the petition was therefore untimely." *McJames v. State*, 2010 Ark. 74, 2010 WL 569752 (Ark. Feb. 18, 2010) (discussing procedural history). McJames attempted to appeal the denial of coram nobis relief to the Arkansas Supreme Court. On February 18, 2010, the Court dismissed the appeal because McJames failed to file a timely Notice of Appeal in the trial court. *Id.*

On April 2, 2010, McJames initiated this federal habeas action.[2] (Docket entry

---

[2]One day earlier, on April 1, 2010, McJames filed a Petition in the Eighth Circuit Court of Appeals requesting authorization to "reopen" his earlier habeas Petition in the Eastern District of Arkansas, or, alternatively, to file a successive habeas Petition. *McJames v. Norris*, 8th Cir. No. 10-1723. In his brief opposing McJames' request, Respondent pointed out that McJames had obtained a dismissal of his first Petition, without prejudice, so that he could pursue exhaustion. Thus, his proposed habeas Petition was *not* "successive" and did not require authorization from the Eighth Circuit under 28 U.S.C. § 2244(b).

On July 29, 2010, the Eighth Circuit entered a Judgment denying McJames' Petition. (Docket entry #14) ("Petitioner McJames' petition for authorization to file a successive habeas application in the district court is denied"). The Court held that, because McJames obtained a voluntary dismissal of his earlier Petition so that he could pursue exhaustion, he did not need authorization under 28 U.S.C. § 2244(b) in order to refile the current Petition in the Eastern District of Arkansas. *See High v. Ignacio*, 408 F.3d 585, 589 n.4 (9th Cir. 2005) ("Because [the petitioner's] first two

#2). In his Petition, he argues that: (1) he received ineffective of counsel; (2) his sentence is illegal; (3) he was denied his right to appeal; (4) his charge was illegally amended; (5) his guilty plea was coerced by the trial court, defense counsel, and the prosecutor; (6) the prosecutor engaged in unconstitutional misconduct; and (7) the prosecution withheld exculpatory evidence.

Respondent argues that: (1) all of McJames' claims are barred by the one-year statute of limitations; and (2) McJames also has procedurally defaulted all of his claims.

For the reasons discussed below, the Court concludes that McJames' claims are barred by the applicable one-year statute of limitations.[3] Thus, the Court recommends that the Petition be denied, and that the case be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a federal habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the

---

federal habeas corpus petitions were dismissed without prejudice due to his voluntary dismissal and his failure to exhaust state remedies, this third habeas corpus petition did not qualify as a second or successive habeas corpus petition").

[3]Because all of McJames' claims are time barred, the Court need not address Respondent's procedural default argument.

6

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

Under Arkansas law, McJames could not appeal his guilty plea. *See* Ark. R. Crim. P. – App. 1(a). Thus, for purposes of the AEDPA, his conviction was "final" on August 19, 2003, the date his Judgment and Commitment Order was entered. From that date, Petitioner had one year, until August 19, 2004, to file this federal habeas action.

McJames initiated this action on December 22, 2008, over four years after the expiration of the one-year statute of limitations. Accordingly, his federal habeas Petition was not timely filed under § 2244(d)(1).[4]

AEDPA goes on to provide that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). This statutory tolling period begins when a petition for

---

[4]The same holds true for his first federal habeas Petition, which was filed on March 14, 2006, a year and a half after the expiration of the statute of limitations.

7

post-conviction relief is properly filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

Importantly, McJames did not seek any state court postconviction relief until *after* the one-year statute of limitations had run. Thus, statutory tolling is not applicable in this case.

Nonetheless, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, it is subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Nelson v. Norris*, 618 F.3d 866, 893-93 (8th Cir. 2010) (*quoting Holland*, 130 S. Ct. at 2562) (internal quotations omitted).

McJames argues that he is entitled to equitable tolling because of his *pro se* status, and his lack of access to the law library or another inmate who was a "certified legal assistant," during the time he was in ADC administrative segregation. (Docket entry #2 at 30-33; docket entry #12 at 4-5).

Importantly, McJames waited until eighteen months after his conviction became final before even attempting to pursue state court postconviction relief.  Even

8

accepting McJames' assertions at face value, they do not explain the length of delay, or how he was diligent in pursuing his rights. The Eighth Circuit has rejected similar allegations of lack of legal knowledge, or limited access to a law library or legal materials, as a sufficient basis for invoking equitable tolling. *See, e.g. Earl v. Fabian*, 556 F.3d 717, 724-25 (8th Cir. 2009); *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003).

Despite his guilty plea, he also claims that he is "actually innocent," and that at his guilty plea hearing the prosecutor made false characterizations of the evidence against him in order to establish the factual basis for his guilty plea. According to McJames, he did not discover the supposed "nonexistence" of the evidence supporting the prosecutor's representations *until 2008*, when he received responses to FOI requests which, according to McJames, confirmed the lack of evidence and his "actual innocence."[5] (Docket entry #2 at 29).

---

[5]McJames emphasizes a portion of his guilty plea hearing where the prosecutor stated the factual basis for the plea. He highlights the prosecutor's statements that the victim was found in the trunk of his own car with fifteen stab wounds, and that surveillance camera footage showed "a person loading something into the trunk" of the car, who was later identified by witnesses as McJames. (Docket entry #2 at 52-53). McJames contends that this information was false because the autopsy report (docket entry #2 at 67-68) established that the victim had fewer than fifteen stab wounds, and that the surveillance photos (docket entry #2 at 65) show only that he got in and out of the victim's car.

McJames' position that he could not have discovered the basis for his "actual innocence" until 2008 is directly contradicted by his own Rule 37 Petition, *filed in*

A claim of actual innocence, without a showing of some action or inaction on the part of the state which prevented discovery of the relevant facts, does *not* establish equitable tolling:

> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002). Moreover, a habeas petitioner attempting to establish "actual innocence" must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). This high standard is heightened even further when a petitioner has pleaded guilty. *See McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997) (noting that the habeas petitioner had not attempted to invoke actual innocence under *Schlup* but that "in light of his guilty plea, such an attempt would be unpersuasive").

McJames has not established the existence of any action or inaction by any state

---

*2005*, which presented the *same legal and factual theory*. *See* docket entry #11-1 at 4 (claiming defense counsel was ineffective for instructing McJames to remain silent during the guilty plea hearing when the prosecutor said that "Defendant was seen placing the Victim's body in the trunk of his car . . . there is no photograph of this. The Victim wasn't stabbed fifteen times . . . as stated by [the prosecutor]").

actor that would have prevented him, in the exercise of reasonable diligence, from raising his arguments in a timely federal habeas petition. Absent such state action, an actual-innocence claim cannot entitle a petitioner to equitable tolling. *See id.* at 977-78; *see also Baker v. Norris*, 321 F.3d 769, 772 (8th Cir.2003) (no equitable tolling where habeas petitioner failed to show state conduct that lulled her into inaction and she knew the factual basis for her actual-innocence claims at time of her conviction but sought no judicial review for fifteen years); *Freeman v. Norris*, 58 Fed. Appx. 667, 668 (8th Cir. 2003) (unpublished decision) ("Given Freeman's failure to show wrongdoing by the State prevented him from bringing a timely [habeas] petition, his reliance on actual innocence to invoke equitable tolling is misplaced.").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus (docket entry #2) be DENIED, and this case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 3rd day of November, 2011.

```
                           _____
                           UNITED STATES MAGISTRATE JUDGE
```